# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:11-CR-230-DBH |
| ) | |
| JOSE ORTIZ, ) | |
| ) | |
| DEFENDANT ) | |

## DECISION AND ORDER ON DEFENDANT'S MOTION TO SEVER

The Indictment against this defendant charges two counts: first, that he aided and abetted a false statement in connection with the purchase of a firearm, specifically, that on May 9, 2007, he induced another person to claim on ATF Form 4473 that she was the purchaser of a handgun when in fact she was not the actual buyer, a violation of 18 U.S.C. §§ 922(a)(6), 2; second, that he lied under oath to the federal grand jury on October 8, 2008, by saying that he never had anybody buy a gun for him, contrary to what happened on May 9, 2007, a violation of 18 U.S.C. § 1623(a).

The defendant has moved to sever the two counts and for two trials. Fed. R. Crim. P. 14 (a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The First Circuit recognizes three types of prejudice in assessing whether severance is appropriate:

> (1) The defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a second trial for the second offense; and (3) a defendant may wish to testify in his own behalf of one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008) (quoting United States v. Jordan, 112 F.3d 14, 16 (1st Cir. 1997)).

The defendant argues that the second and third types of prejudice apply to his case: that evidence will be admitted on the grand jury perjury charge concerning his selling crack cocaine that would not be admissible on the gun purchase charge; and that he wants to testify about his understanding of questions posed to him before the grand jury, but he does not want to testify about the gun purchase, instead relying as to that count upon the government's asserted inability to prove the charge beyond a reasonable doubt.

I am not persuaded by the argument concerning the second type of prejudice, namely evidence admissible on one count but not on the other. A cautionary instruction to the jury is adequate to guard against that prejudice. See United States v. Baltas, 236 F.3d 27, 34 (1st Cir. 2001).[1]

But I do find the argument concerning the third type of prejudice persuasive in this case. The defendant's understanding of the questions posed

---

[1] Moreover, as the government argues, the evidence might also be admissible on the first charge, to show his motive for buying the gun through a straw purchaser. Gov't Opp'n. to Def.'s Mot. to Sever at 3. (ECF No. 24) I do not need to make that ruling now.

2

to him before the grand jury and what he intended by his answers are certainly a critical part of the scienter element of the perjury offense, namely his intent to give false testimony. Thus, his testimony about his understanding and intent is important on that issue. Only he can give direct evidence of what he understood, and he certainly will be subject to intense cross-examination about what he claims he understood. But if he takes the stand to testify about the perjury charge, he will undoubtedly open himself to questioning about the gun-purchasing charge. Thus, he will no longer be able to rely solely on the government's asserted inability to prove beyond a reasonable doubt—without his testimony— the charge of what happened on May 9, 2007.

I have considered the interests of judicial economy. A defendant must "timely offer enough information" to allow the court "to weigh the needs of judicial economy versus the defendant's freedom to choose whether to testify as to a particular charge." <u>Jordan</u>, 112 F.3d at 17 (internal quotations omitted). Certainly there is some economy in a single trial here, because both charges involve the issue whether on May 9, 2007, the defendant induced another person to claim to be the actual purchaser while in fact buying a gun for him.[2] But the government has not shown that the incident involves a large number of witnesses or lengthy testimony, and my own experience as a judge teaches that commonly the testimony is short and primarily that of the gun dealer, along with the ATF forms as exhibits; perhaps the testimony of the actual purchaser

---

[2] It seems likely that if the government first obtains a conviction on the gun purchase charge it will be able to introduce that into evidence on the second charge of perjury. But because that issue has not been briefed, I do not now resolve it.

3

if she is cooperating or has been granted immunity (not revealed here); sometimes a law enforcement agent if law enforcement had been conducting surveillance of the transaction (also not revealed here).

I have read the appellate cases the government cites on the issue, but it is important to observe that they are cases finding no abuse of discretion in *failing* to sever, and they analyze what actually happened at trial and the degree of prejudice that did or did not ensue. None of them suggests that it is an *abuse* of discretion to *grant* a motion to sever on the type of showing made here.

For these reasons, the defendant's motion to sever the two counts is **GRANTED**.[3]

**SO ORDERED.**

**DATED THIS 17TH DAY OF JULY, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] I do not rule on whether the two counts were properly joined under Rule 8 and the parties' disagreement over whether the motion even raises that issue.